UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEMENT ISADORE LEACH, JR., #173368** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2123** |
| **GERALD TURLICH, ET AL.** | **SECTION "L"(5)** |

## REPORT AND RECOMMENDATION

In October 2025, while incarcerated at the Plaquemines Parish Detention Center, *pro se* plaintiff, Clement Isadore Leach, Jr., submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. In the lawsuit, he claims that Sheriff Gerald Turlich and Warden Denise Narcisse, individually and in their official capacities, violated his constitutional rights by engaging with "outside law enforcement to conduct monitoring, surveillance, investigation and illegally using the inmate population within the housing unit dorm to assist them."[1] He also alleges that officials interfered with his legal mail, ignored grievances, engaged in police entrapment, and denied him appropriate Muslim religious services. He requests monetary compensation, declaratory and injunctive relief.

The complaint was treated as deficient because he failed to pay the filing fee or file an application for leave to proceed *in forma pauperis*. The Clerk promptly issued a notice of deficiency to Leach at his address of record, Plaquemines Parish Detention Center.[2] On

---

[1] R. Doc. 1, Complaint, p. 2.

[2] R. Doc. 3, Notice of Deficient Filing, 10/16/2025.

November 14, 2025, the envelope containing the notice of deficiency was returned to the Court with a notation "return to sender" and "not deliverable as addressed and unable to forward."[3]  Leach has made no attempt to contact the court to correct the stated deficiency or update his address.

Rule 41(b) of the Federal Rules of Civil Procedure Rule provides for dismissal of an action based on the failure of the plaintiff to prosecute or comply with any order of the court. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Dept.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

Additionally, all litigants are obligated to keep the Court advised of any address

---

[3] R. Doc. 4.

change.    *See* EDLA Local Rules 11.1 and 41.3.1.[4]    "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."    *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).    More than 35 days ago, mail sent to Leach at the Plaquemines Parish Detention Center, his address of record, was returned by the United States Postal Service as undeliverable.    Leach has not complied with his legal obligation to update his contact information and provide a current address for the Court to be able to advance his civil case on the docket.    Accordingly, the complaint should be dismissed for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. §636(b)(1)).[5]

---

[4] Rule 11 provides that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."    Rule 41.3.1 provides that "[t]he failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections.

Accordingly, for the reasons expressed, it is **RECOMMENDED** that Clement Isadore Leach, Jr.'s complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

New Orleans, Louisiana, this ___7th___ day of January, 2026.

                                              **MICHAEL B. NORTH**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.